UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD A. MCGEE, | ) |
| Plaintiff, | ) |
| v. | ) No. 21 C 03024 |
| | ) Judge Sara L. Ellis |
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | ) |
| Defendant. | ) |

## OPINION AND ORDER

After Plaintiff Leonard McGee noticed an inaccurate credit report relating to his account at Defendant Fifth Third Bank, National Association ("Fifth Third"), he filed a lawsuit alleging the following claims in violation of the following statutes: defamation, 28 U.S.C. §4101; "negligent failure to correct information in a timely manner"; intentional violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681h(e); breach of contract; and discrimination, 42 U.S.C. §1981. McGee originally filed his lawsuit in the Circuit Court of Cook County, and Fifth Third removed the case to this Court. McGee amended his complaint on March 14, 2022. Fifth Third now moves to dismiss that complaint. While the Court construes McGee's allegations liberally, as it must given McGee's *pro se* status, the amended complaint does not state any viable cause of action; thus, the Court grants Fifth Third's motion.

### BACKGROUND[1]

On or around March 1, 2020, McGee had a verbal dispute with a female customer service employee at Fifth Third. Sometime thereafter, Fifth Third inaccurately reported to three credit

---

[1] The Court takes the facts in the background section from McGee's amended complaint and presumes them to be true for the purpose of resolving Fifth Third's motion to dismiss. *See*

reporting agencies a "fraud and active duty alert" for McGee's account. The report noted that Fifth Third suspended McGee's credit line on April 20, 2020. This unprovoked report negatively affected McGee's personal and business affairs; he developed depression and anxiety, creditors decreased his line of credit and his credit score, and he has been unable to obtain a mortgage or new lines of credit.

For over a year and a half, McGee attempted to address the inaccurate report with Fifth Third. Fifth Third did not investigate McGee's allegations of inaccuracy. McGee attributes the inaccurate report and subsequent failure to correct the report to his dispute with the Fifth Third employee, as well as his race and his sexual orientation. McGee has never missed a payment, paid late, or materially misrepresented himself in connection with his Fifth Third accounts.

Fifth Third moves to dismiss on the basis that McGee fails to state any claim upon which the Court can grant relief. Although Fifth Third challenges both the amended complaint and the original complaint, the Court considers only the amended complaint, which supersedes the original. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 & n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

---

*Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). The Court has also reviewed the Line of Credit Agreements (the "Agreements"). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court construes McGee's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

## ANALYSIS

When considering a motion to dismiss, the Court must identify legal conclusions and separate them from factual allegations. *Iqbal*, 556 U.S at 664. While the Court assumes a plaintiff's factual allegations to be true, it does not extend that assumption to legal conclusions. *Id*. McGee's amended complaint primarily consists of legal conclusions, with few factual allegations provided as support. *See, e.g.,* Doc. 37 ¶¶ 4, 8, 10, 16, 25.

I. **Defamation**[2]

McGee alleges that Fifth Third made "derogatory," "slanderous," inaccurate," and "defamatory" remarks relating to his credit account. Doc. 37 ¶¶1–8, 25. To state a claim for defamation, the plaintiff must allege (1) that the defendant made a false statement concerning him and (2) that the defendant caused an unprivileged publication of that false statement to a third party, (3) which damaged the plaintiff. *Tuhey v. Ill. Tool Works, Inc.*, No. 17 C 3313, 2017 WL 3278941, at *5 (N.D. Ill. Aug. 2, 2017). McGee fails to allege a "false statement." He claims that Fifth Third "inaccurately reported" information, Doc. 37 ¶ 3, and refers to defamatory remarks, *e.g., id.* ¶¶ 2, 8, but McGee does not specify what remarks allegedly defamed him. The amended complaint implies that the "fraud and active duty alert" was inaccurate because it showed that McGee's credit lines were suspended on April 20, 2020, but McGee acknowledges that his accounts were in fact suspended on April 20, 2020. Doc. 45 at 3 ("On 04/20/2020 Fifth Third Bank Permanently Suspended ACCT#[]s 5223[,] 0457, and 0293."). Because McGee does not allege a false statement, he has not stated a claim for defamation.[3]

II. **Negligence and FCRA Violation**

Fifth Third addresses McGee's negligence and FCRA violation claims together, seeking dismissal on the basis that the FCRA preempts the claims and that McGee failed to allege an

---

[2] McGee brings his defamation claim pursuant to 28 U.S.C. § 4101. Section 4101 does not provide a cause of action for his claim; instead, it "deals solely with the enforceability of a foreign judgment." *Slottke v. Wis. Dep't of Workforce Dev.*, 734 F. App'x 354, 355 (7th Cir. 2018). However, because Fifth Third did not move to dismiss on this basis, and the Court must make every reasonable presumption in favor of McGee, the Court has evaluated McGee's claim as a state law claim.

[3] Fifth Third argues that the Court must dismiss McGee's defamation claim because the FCRA preempts it. Doc. 43 at 4 (citing 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or

4

FCRA violation. The amended complaint alleges that Fifth Third was negligent and intentionally violated the FCRA by failing to correct its inaccurate remarks to the credit reporting agencies. Neither the amended complaint nor McGee's response clarify whether McGee intended to bring his negligence claim as a stand-alone state law claim or as a violation of the FCRA. Either way, the Court dismisses both claims.

The FCRA preempts a state law negligence claim. *Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir. 2007) (citing 15 U.S.C. §1681h(e)) (FCRA "preempts state-law negligence claims for providing inaccurate information to credit-reporting agencies"); § 681t(b)(1)(F) (preempting all state law claims against furnishers of information to credit reporting agencies).

And, if understood as an FCRA claim, McGee has not sufficiently alleged that Fifth Third violated any provisions of the FCRA, so the negligence and intentional FCRA violation claims must fail. McGee alleges that Fifth Third violated 15 U.S.C. § 681h(e) by failing to correct inaccurate information in his credit report. However, §1681h(e) does not impose any

---

proceeding in the nature of defamation . . . against any [] person who furnishes information to a consumer reporting agency."). However, §1681h(e) contains an exception for willful or malicious behavior, which, construing the complaint liberally, McGee alleges. *See* Doc. 37 ¶¶ 10, 16–18 (Fifth Third's refusal to remove the "defamatory remarks" without investigating their "willful negligence" was an "act of financial sabotage . . . undertaken as an act of retaliation" and "purely out of spite to punish plaintiff"); *Causay v. Wells Fargo Bank, N.A.*, No. 16-CV-7398, 2016 WL 7188167, at *3 (N.D. Ill. Dec. 12, 2016) (noting that § 1681h(e) does not preempt willfully false reports); *Zahran v. Bank of Am.*, No. 15 C 1968, 2015 WL 4397779, at *4 (N.D. Ill. July 17, 2015) (allowing defamation claim to survive because §1681h(e) did not apply where plaintiffs alleged that defendant acted with malice). Instead, §1681t(b)(1)(F) preempts McGee's defamation claim and prohibits all state law claims against furnishers to consumer reporting agencies, regardless of alleged willful intent. *Thompson v. Transunion Data Sols.*, LLC, No. 20-CV-04207, 2021 WL 1923409, at *3 (N.D. Ill. May 13, 2021) ("*[A]ll* state-law claims regarding information provided by furnishers to consumer reporting agencies are preempted by the FCRA." (emphasis in original) (citing *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011))). However, because Fifth Third did not move to dismiss pursuant to §1681t(b)(1)(F), the Court does not dismiss on this basis.

independent obligations on Fifth Third; instead, it limits liability. 15 U.S.C. §1681h(e) (titled "Limitation of liability," provides that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency," with some exceptions). Moreover, §1681h governs the actions of consumer reporting agencies, not those of organizations that *furnish information* to consumer reporting agencies, such as Fifth Third.

Construing the complaint liberally, as the Court must when ruling on a *pro se* complaint, the Court could viewMcGee's allegations as invoking §1681s-2, which governs persons that furnish information to consumer reporting agencies. *See Aleshire v. Harris, N.A.*, 586 F. App'x. 668, 670 (7th Cir. 2013) ("Because [the plaintiff's] state law tort claims arise out of [the defendant's] reports to consumer credit reporting agencies, they relate to a matter regulated under section 1681s-2.") However, even if McGee had explicitly invoked that section, his claim would fail. §1681s-2(a) does not provide a private right of action, *Purcell*, 659 F.3d at 623, and §1681s-2(b) requires McGee to have alleged that a credit reporting agency alerted Fifth Third to a dispute about inaccurate reporting, *Thompson*, 2021 WL 1923409, at *2. McGee has made no such allegations. Therefore, the Court dismisses McGee's claims alleging negligence and intentional violation of the FCRA.

### III. Breach of Contract

Fifth Third seeks dismissal of the breach of contract claim on the basis that McGee failed to identify a breach. The amended complaint pleads that Fifth Third violated the terms of the Agreements by closing McGee's account. In McGee's response to Fifth Third's motion to dismiss, he expands on his pleadings, arguing that Fifth Third violated §26 of the Agreements by

suspending his accounts without requesting a personal financial statement. Although "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), the Court must make every reasonable presumption in favor of McGee. The Court considers the additional facts included in McGee's response that are consistent with the amended complaint. *See, e.g., Knox v. Curtis*, 771 F. App'x 656, 658 n.2 (7th Cir. 2019) ("A plaintiff may 'supplement' the complaint with 'extra assertions' in a memorandum opposing a motion to dismiss." (citation omitted)).[4]

Under Illinois law, a breach of contract claim consists of four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) injury to the plaintiff. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 199 (1999). Here, McGee fails to identify a breach. He argues that Fifth Third breached §26 of the Agreements—which governs re-evaluation of financial condition and credit history—by suspending his account without giving him the opportunity to provide a personal financial statement. But the Agreements' express terms foreclose this argument. §26 states that Fifth Third *may* ask for additional information in the form of a personal financial statement; it does not impose any obligations on Fifth Third. *See* Doc. 1 Ex. B ¶ 26. Because Fifth Third cannot breach an obligation it does not have, the Court dismisses McGee's breach of contract claim.

### IV. Discrimination

Fifth Third moves to dismiss McGee's claim of racial and sexual orientation discrimination on the basis that the Court cannot reasonably infer that Fifth Third engaged in

---

[4] The Court will not, however, consider entirely new claims included in McGee's response. *E.g.,* Doc. 45 at 4 (alleging violations of the Truth in Lending Act); *id.* at 4–5 (alleging violations of the Federal Trade Commission Act).

7

discriminatory behavior. To allege a claim under 42 U.S.C. §1981, McGee must plead that: (1) he is a member of a racial minority; (2) Fifth Third "had an intent to discriminate on the basis of race;" and "(3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). McGee does not sufficiently plead this claim because he does not allege that he is a member of a racial minority or that Fifth Third intended to discriminate on the basis of his race.[5] McGee alleges that "had [he] been a het[e]rosexual man of European descent," Fifth Third would not have discriminated against him, Doc. 37 ¶ 23, but McGee does not indicate if he is a member of a racial minority. Furthermore, McGee's allegations primarily take the form of legal conclusions, stating without elaboration that Fifth Third "discriminated against [him] due to his race and sexual orientation," *id.* ¶ 22, and that it "is discrimination" for Fifth Third to "choose to keep the unsupported, fraudulent, defamatory remarks in a published credit report," *id.* at 25. McGee's subjective belief that Fifth Third would have treated him more fairly had he been heterosexual or of European descent is insufficient to state a claim for intentional discrimination. *See Reid v. Chi. Hous. Auth.*, No. 12 C 01975, 2014 WL 3375643, at *4 (N.D. Ill. July 10, 2014) (dismissing §1981 race discrimination claim where plaintiff's few factual allegations—including that she "was denied the same employment contract[ ] rights that

---

[5] Because §1981 protects against discrimination on the basis of race, not on the basis of sex (or sexual orientation), McGee's attempt to plead a claim for sexual orientation discrimination fails. *St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1317 (7th Cir. 1984) (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976)).

[defendants] provided to white employees"—were "too vague to make those conclusory allegations plausible").

## CONCLUSION

For the foregoing reasons, the Court grants Fifth Third's motion to dismiss [42]. The Court terminates as moot McGee's other pending motions [40], [44].

Dated: October 11, 2022

SARA L. ELLIS
United States District Judge

9